Curia, per

Earle, J.
The general rule of pleading in actions of trespass, at common law, is that, whenever the act complained of would, prima facie, appear to be a trespass, any matter of justification, or excuse, such as a warrant, or other authority, must be specially pleaded. The statute 11 Geo. 2, c. 19. provides that, in actions against persons entitled to rent, they may plead the general issue, and give the special matter in evidence. That statute has not been made of force in this State; although in Pemble vs. Clifford, (2 M’Cord R. 31,) the court says that it “ has been adopted in practice, and, as a usage, has become obligatory on us.” There are other important provisions in that statute, which I am not prepared to say that I should consider part of the statute law here; and how far it is to be considered of force, I shall reserve my opinion, until some question shall specially arise.
*252 The defendant, in the case under consideration, relied for his justification on the warrant of distress issued by King-man on 26th April, 1838. As it was only the private act of the landlord, it had none of the force of a judgment, or execution, so as to be conclusive evidence of rent in arrear; and it was necessary to prove, in some way, that rent was due. The acknowledgements of the plaintiff were competent for that purpose, and if sufficiently explicit and certain, might have established both the tenancy and the amount of rent due. If they were competent for that purpose, surely the admissions of the landlord, who gave the warrant, and for whose benefit the distress was made, were equally admissible to shew that the rent had been paid, either in the whole or in part, Such admissions do not come within the rule of hearsay evidence, and are not rendered competent in consequence of the death of the landlord: they are competent as the admissions of the principal party in interest.
A warrant of distress is nothing but a power of attorney. The bailiff, or other person executing the warrant, is only the agent of the landlord, And the power, both in regard to the extent of the authority and its duration, is to be construed according to the law of principal and agent, except where regulated by statute. It is the general and settled doctrine, that the authority of an agent determines by the death of his principal, which is an absolute and instantaneous revocation of the authority of the agent, unless the power be coupled with an interest. (2 Kent. Com. 646.) No valid act can be done in the name of a dead man.
The defendant, having exhibited the wan'ant as liis justi? fication, ought perhaps to be held to it, in the same manner as if he had pleaded it specially. But his defence, in the argument here, has been put, in part, upon the ground that Col-houn, the administrator of Kingman, by whose order the distress was made, was himself personally present, and, there? jore^ that it was a lawful distress, without the warrant. At *253 common law, neither the h.ei.rs,- executors, nor administrators of a man seised and entitled to rents, had any remedy for the arrearages incurred in the lifetime of the owner of such rents. (Co. Lit. 162, a.) For remedy whereof the stat. 32 Hen. 8, c. 37, provided that the executors and administrators might distrain for rents due their testator or intestate, at the time of the death, upon the land charged with the rent; and a later statute, in England, in the -time of William IY, has been found necessary further to extend this right of the representatives of a deceased landlord. • But the stat. of 32 H. 8, has never been made of force here, either expressly by the Legislature, or by necessary implication ; nor am I aware of any judicial decision by which it has been held to be of force, as other English statutes have been, especially on the subject of rent; and sometimes, perhaps, without sufficient reason. The remedy by distress is a rigorous proceeding, often harsh in its operation, not congenial to .the; spirit of our institutions and government, and not to be extended beyond the clear and settled limits, except by express enactments of the Legislature.
That the plaintiff might waive the want of legal authority to distrain, and might assent to the taking and sale of his goods, so as to prevent him from maintaining trespass, is clear enough, and so the jury were instructed. If he was misled into acquiescence by a show of authority which was not legal, but which he was induced to believe was so, it was only an aggravation of the trespass.
If the warrant of distress was a nullity, in consequence of the death of Kingman, and if the administrator had no legal power to make distress, either personally or by bailiff, then the defendant’s justification wholly fails, as there was no lawful .authority for taking the goods, although there may have been rent in arrear. It was not a mere abuse of authority so as to make case the proper remedy; but an unlawful taking, 'without authority, and trespass was properly brought.
Sullivan for the motion; Irby contra.
The motion for non-suit, as well as for new trial, is therefore refused.
Gantt, Evans and Butler, JJ. concurred. Richardson and O’Neall, JJ. absent.